**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**ASQUITH R. TAFFE,**

                **Petitioner,**

                                                             **OPINION AND ORDER**

      -against-                                                       **05-CV-4397 (NG)**

**UNITED STATES OF AMERICA,**

                **Respondent.**
----------------------------------------------------------x

**GERSHON, United States District Judge:**

*Pro se* petitioner Asquith R. Taffe moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him by this court. In the alternative, petitioner seeks a writ of error *coram nobis*. For the reasons set forth below, petitioner's application for relief pursuant to 28 U.S.C. § 2255 and his application for a writ of error *coram nobis* are denied.

## I. BACKGROUND

On June 26, 2003, pursuant to a plea agreement with the government, petitioner pleaded guilty before United States Magistrate Judge Joan M. Azrack to count one of an indictment charging petitioner with conspiracy to possess with the intent to distribute marijuana. On November 5, 2004, this court accepted petitioner's guilty plea and sentenced him to a term of 6 months imprisonment, followed by two years of supervised release. A judgment of conviction was entered on November 10, 2004. Petitioner did not appeal his conviction to the Court of Appeals for the Second Circuit.

The instant petition for collateral review of petitioner's federal sentence was filed on August 18, 2005. In it, petitioner argues that he was denied effective assistance of trial counsel because his attorney failed to advise him that he might be subject to deportation as a result of pleading guilty.

## II. DISCUSSION

### A. Writ of Habeas Corpus

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance fell below the objective standards of reasonableness dictated by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-89, 694 (1984). Under the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). In the context of a guilty plea, the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Petitioner has made no such showing here.

Petitioner asserts that he received ineffective assistance of counsel because his attorney failed to advise him that, as a result of pleading guilty, petitioner might be subject to deportation. First, petitioner's claim is belied by his sworn statements at the plea proceeding, namely that: (1) he was satisfied with counsel's representation; (2) he understood the charges against him; (3) had discussed the plea agreement with counsel; (4) he might be deported as a consequence of pleading guilty; and (5) he was making the plea knowingly and voluntarily. Tr. 5-13. More importantly, however, the Second Circuit has stated that "an attorney's failure to inform a client of the deportation

consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness." *United States v. Couto*, 311 F.3d 179, 187 (2d Cir. 2002)(citing *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir. 1975)(per curiam). Petitioner cannot satisfy the first prong of the *Strickland* test; therefore, his claim must be dismissed.

## B. Writ of Error *Coram Nobis*

Federal courts are authorized to grant the ancient common law writ of error *coram nobis* by the All Writs Act. 28 U.S.C.§ 1651(a). *United States v. Morgan*, 346 U.S. 502, 511 (1954). In *Morgan*, the Supreme Court stated that the writ of error *coram nobis* is an "extraordinary remedy [that should be used] only under circumstances compelling such action to achieve justice." *Id.* "*Coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998)(per curiam). The writ is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996)(internal quotation marks and ellipsis omitted). "In reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). Finally, to obtain *coram nobis* relief, a petitioner must demonstrate that: "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.*

Petitioner is currently on supervised release and is therefore still "in custody" for purposes of 28 U.S.C. § 2255.  *Scanio v. United States,* 37 F.3d 858, 860 (2d Cir.1994).  Petitioner has a statutory remedy available, namely a petition for a writ of habeas corpus, therefore, the writ of error *coram nobis* is unavailable as a means of obtaining post-conviction relief.  In any event, petitioner has not satisfied the requirements for *coram nobis* relief, nor has he demonstrated circumstances warranting the use of this "extraordinary remedy."  Accordingly, petitioners's request for a writ of error *coram nobis* is denied.

### III.  CONCLUSION

For the reasons set forth above, petitioner's application for relief pursuant to 28 U.S.C. § 2255 and his application for a writ of error *coram nobis* are denied.  The Clerk of Court is directed to enter judgment for respondent.  Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c).

SO ORDERED.

  /s/ *Nina Gershon*  
**NINA GERSHON**  
**United States District Judge**

Dated: December 15, 2006  
        Brooklyn, New York